**Harvey ROBINSON, George Lopez, and Richard Young, Appellants,**

v.

**Susan T. SCHELLENBERG, Andrea Naugle, Martin E. Falk, Percy Dougherty, Jane Ervin, George Laughlin, John F. McHugh, Grayson McNair, Sterling Raber, Linda Rosenfeld, Emrich Stellar, and Ronald Ross.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 30, 1998.
Decided April 7, 1999.
Reargument Denied June 3, 1999.

Harvey Robinson, George Lopez and Richard Young, appellants, pro se.

Gavin P. Holihan, Allentown, for appellees.

Before FRIEDMAN, J., KELLEY, J., and JIULIANTE, Senior Judge.

KELLEY, Judge.

Harvey Robinson, George Lopez and Richard Young (Appellants) appeal *pro se* from a final order of the Court of Common Pleas of Lehigh County (trial court) which denied their motion to amend their complaint, sustained the preliminary objections filed by Susan T. Schellenberg, Andrea E. Naugle, Martha E. Falk, Percy Dougherty, Jane Ervin, George Laughlin, John McHugh, Grayson McNair, Sterling H. Raber, Linda Rosenfeld, Emrich M. Stellar, and Ronald Rossi (collectively Appel-

lees),[1] and ultimately dismissed their complaint. We must quash Appellants' appeal due to substantial defects in their brief.

On May 24, 1997, Appellants filed a *pro se* complaint in this Court at Docket No. 491 M.D.1997 seeking "declaratory, injunctive and mandamus relief directing the Lehigh County Commissioners, and Jury Commissioners to: (1) Include the voter registration listing of citizens in Lehigh County to immediately become the master list from which the master jury pool is selected. (2) To update the master jury pool list to allow physically limited individuals to be allowed to serve on the jury pools whether or not they have drivers [sic] licenses." By per curiam order dated May 30, 1997, this court transferred the case to the trial court pursuant to section 5103 of the Judicial Code, 42 Pa.C.S. § 5103.

On September 21, 1997, Appellees filed preliminary objections primarily on the grounds that Appellants lacked standing to bring suit and failed to state a claim upon which relief may be granted. In response, Appellants filed a motion to amend their complaint. Oral argument on the preliminary objections and the motion to amend was held on December 15, 1997.

By order and opinion dated January 14, 1998, the trial court denied Appellants' motion to amend upon determining that the motion was "vacuous and entirely devoid of any averments which would constitute an amendment to the complaint." Upon determining that Appellants lacked standing and that their complaint was fatally flawed for failure to state a cause of action, the trial court sustained the preliminary objections raised by Appellees. Accordingly, the trial court dismissed Appellants' complaint. This appeal then followed.[2]

---

1. The named Appellees are the Lehigh County Commissioners, the Clerk of Courts, the Sheriff and the Court Administrator of Lehigh County.

2. On February 24, 1998, Appellants filed a notice of appeal with the Superior Court of Pennsylvania. By order dated July 22, 1998, the Superior Court transferred the appeal to this court.

Unfortunately, Appellants have failed to file a brief in accordance with the mandatory requirements of the Pennsylvania Rules of Appellate Procedure. Specifically, Appellants have failed to include in their brief a statement of questions presented as required by Pa.R.A.P. 2111 [3] and Pa.R.A.P. 2116.[4] As a result, there are no legal issues properly before us to review. *Grosskopf v. Workers' Compensation Appeal Board (Kuhns Market)*, 657 A.2d 124 (Pa.Cmwlth.1995). While this omission may be overlooked where the brief is otherwise adequate, such is not the case here as Appellants' brief also fails to comply with Pa. R.A.P. 2119.

Rule 2119 provides that the "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." The purpose of this rule is to facilitate the reader's comprehension of the arguments being made. However, Appellants have made no attempt to divide their argument, provide headings, or even separately address their challenges. As a result, Appellants' argument is highly unorganized and lacking in clarity.

Due to Appellants' failure to comply with the Rules of Appellate Procedure, we are unable to discern exactly what question or questions are presently before us. We decline to become Appellants' counsel. So while we are generally inclined to construe *pro se* materials liberally, Appellants' substantial noncompliance has impaired our ability to conduct meaningful appellate review.

Accordingly, Appellants' appeal is quashed.

---

**3.** Rule 2111 provides that the brief of appellant must contain a statement of questions involved.

**4.** Rule 2116 provides in pertinent part that "the statement of the questions involved must state the question or questions.... This rule

*ORDER*

AND NOW, this 7th day of April, 1999, the appeal filed by Harvey Robinson, George Lopez and Richard Young from the order of the Court of Common Pleas of Lehigh County is quashed.

is to be considered in the highest degree mandatory, admitting no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."