IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Becirovic,       :
            : No. 589 C.D. 2016
          Petitioner  : Submitted: August 12, 2016
            :
      v.         :
            :
Department of Human Services,   :
            :
          Respondent  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK           FILED: December 28, 2016


David Becirovic (Petitioner) petitions *pro se* for review of the March 21, 2016 final administrative action order of the Bureau of Hearings and Appeals (BHA) affirming the March 15, 2016 order of an Administrative Law Judge (ALJ), which dismissed in part and denied in part Petitioner's appeal of a decision of the Cumberland County Assistance Office (CAO).[1] More specifically, the ALJ denied Petitioner's appeal of the September 3, 2015 notice establishing that he qualified for Supplemental Nutrition Assistance Program (SNAP) benefits of $16.00 per month and dismissed his appeal from a June 25, 2015 SNAP notice of ineligibility as moot.

---

[1] This Court's order dated June 27, 2016 precluded DHS from filing a brief for failure to comply with a prior order directing it to do so by June 20, 2016.

On June 25, 2015, CAO mailed Petitioner a denial notice indicating that he was ineligible for SNAP benefits because his income exceeded the program's eligibility limits. On July 2, 2015, Petitioner filed a timely appeal. During an August 5, 2015 hearing, Petitioner entered into a stipulation and settlement agreement in which CAO agreed to reassess Petitioner's benefit eligibility upon receipt of verification of his out-of-pocket medical expenses and loans. In a notice dated September 3, 2015, the CAO determined that Petitioner was eligible for SNAP benefits in the amount of $16.00 per month from August 2015 forward. In September 2015, Petitioner filed a request with the BHA to enforce the August 5, 2015 stipulation.

The parties entered into another stipulation on October 19, 2015, whereby CAO agreed to reassess Petitioner's eligibility from the date of his application. CAO issued a notice on November 3, 2015, informing Petitioner that he was eligible for SNAP benefits for the months of June and July 2015 in the amount of $16.00 per month. Petitioner filed a request to enforce that stipulation with the BHA.

Petitioner appealed the June 25, 2015 and September 3, 2015 decisions of the CAO, alleging in part that the CAO was discriminating against him on the basis of his disability. An ALJ held a second hearing on February 18, 2016.

In a decision and order dated March 15, 2016, the ALJ dismissed Petitioner's appeal of the June 25, 2015 benefit ineligibility notice as moot and denied Petitioner's appeal of the September 3, 2015 notice that he was eligible for SNAP benefits of $16.00 per month. The ALJ's adjudication recognized that the CAO erred in calculating Petitioner's shelter expenses but explained that this error

2

did not affect Petitioner's benefit rate. The ALJ's decision also stated that she was without jurisdiction to consider Petitioner's allegations of discrimination. Petitioner appealed to the BHA, which issued a final administrative action order, dated March 21, 2016, affirming the ALJ's decision. Petitioner now appeals to this Court.[2]

Initially, we note that Petitioner's brief contains substantial defects that impede the Court's ability to address the arguments he presents on appeal. *See* Pa.R.A.P. Nos. 2115 (requiring that the text of the order appealed from be set forth verbatim); 2116 (no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby); 2117 (the statement of the case shall contain a closely condensed chronological statement of all the facts that are necessary to determine the points in controversy); and 2119 (requiring citations of authorities, references to the record, and a synopsis of the evidence). Although Petitioner appeals from the BHA's March 21, 2016 order,[3] he quotes the language of the June 25, 2015 SNAP notice of ineligibility in the "Order in Question" section of his brief. Petitioner's brief at 4. In the Statement of Questions Involved, Petitioner's brief at 6, he asks whether the BHA erred (1) in finding insufficient evidence of his disability status and (2) in concluding that he is ineligible for benefits under applicable regulations. However, the record reflects that Petitioner's status as disabled was recognized, and the BHA's March 21, 2016

---

[2] Our review of the BHA's final order is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact were supported by substantial evidence. *Woods Services, Inc. v. Department of Public Welfare*, 803 A.2d 260, 263 (Pa. Cmwlth. 2002).

[3] Petitioner's Petition for Review identifies the March 21, 2016 order as the decision he appeals from.

order appealed from affirms a determination that Petitioner is, in fact, eligible for SNAP benefits in the amount of $16.00 per month.

In the two-page argument portion of his brief, Petitioner sets forth information related to the amounts and sources of his income and mortgage loans, the calculations he believes should be used to compute his eligibility for SNAP benefits, and unsupported assertions that the actions of the agency constitute evidence of ongoing discrimination. In conclusion, Petitioner asks this Court to hold that DHS erred in finding that he is ineligible for SNAP benefits.

In light of the foregoing, we conclude that the material deficiencies in Petitioner's brief preclude us from granting any relief and require us to quash the appeal. *See Barber v. Tax Review Board*, 850 A.2d 866, 867-68 (Pa. Cmwlth. 2004) (quashing the appeal where the questions presented were vague, and the appellant's argument was a mere recitation of the facts and failed to analyze the questions within the context of the law); *Lucarelli v. Workmen's Compensation Appeal Board (Emerson Electric)*, 546 A.2d 151, 152 (Pa. Cmwlth. 1988) (quashing the appeal because substantial defects in the appellant's brief impaired the court's ability to conduct meaningful appellate review).[4]

Accordingly, we quash the appeal.

_____
MICHAEL H. WOJCIK, Judge

---

[4] *See also*, *Robinson v. Schallenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999) stating that, while the Court is "generally inclined to construe *pro se* materials liberally," we "decline to become [the appellant's] counsel." Nevertheless, we observe that the ALJ's comprehensive opinion sets forth the relevant facts, procedural history, applicable regulations, and calculations that support her determination.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Becirovic,                                          :
                                                          : No. 589 C.D. 2016
                                    Petitioner            :
                                                          :
                         v.                               :
                                                          :
Department of Human Services,                             :
                                                          :
                                    Respondent            :


## O R D E R


AND NOW, this 28th day of December, 2016, the above-captioned appeal is quashed.


_____
MICHAEL H. WOJCIK, Judge