IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Robinson,                          :
                          Petitioner       :
                                           :
          v.                               :    No. 97 M.D. 2021
                                           :    Submitted: July 15, 2022
Pennsylvania Department                    :
of Corrections,                            :
                          Respondent       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: September 22, 2022


The Pennsylvania Department of Corrections (DOC) has filed a preliminary objection in the nature of a demurrer to a petition for review filed *pro se* by Anthony Robinson (Robinson). DOC contends that Robinson has not properly invoked this Court's original jurisdiction. We sustain DOC's preliminary objection, dismiss the petition for review without prejudice, grant Robinson 30 days from the date of this decision and order within which to file an amended petition for review, and dismiss Robinson's application for summary relief as moot.

## I. BACKGROUND

We state the facts as gleaned from the pleadings.[1] Robinson received a

---

[1] "We recognize a demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the [petition for review] and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (cleaned up). "Where a trial court sustains preliminary
(Footnote continued on next page…)

misconduct for using inappropriate language to a state contractor. Pet. for Rev., 3/29/21, ¶ 4 & Ex. A. The contractor's complaint of misconduct was untimely filed, failed to comply otherwise with DOC policies and filing requirements, and triggered a flawed DOC investigation. *Id.* ¶¶ 5-12. As a result of the misconduct, Robinson received 30 days of solitary confinement. *Id.* ¶ 8.

Thereafter, Robinson incurred a second misconduct. *Id.* ¶¶ 14-22. Although the second misconduct was ultimately reversed by DOC, the fact that he incurred two misconducts resulted in Robinson losing "institutional support for" and the "privilege of" parole. *Id.* ¶¶ 25, 28.

Robinson filed a petition for review in this Court, requesting that this Court expunge the first misconduct in order to reestablish "institutional support for parole," order the Pennsylvania Parole Board (Board) to restore his privilege of parole, and preclude the Board from considering the two misconducts. *Id.* ¶ 29.[2]

DOC filed a preliminary objection in the nature of a demurrer. Specifically, in DOC's view, Robinson's claims concerning the two misconducts "are a matter of internal prison administration," outside of this "Court's original or appellate jurisdiction." Prelim. Obj., 11/2/21, ¶¶ 16-17. Robinson filed an answer to DOC's preliminary objection, which for the first time claimed that DOC's actions denied him procedural due process. Counter Objs., 12/30/21, ¶ 13. Meanwhile, Robinson also filed an application for summary relief requesting the same relief

---

objections on [their] merits, it is generally an abuse of discretion to dismiss a [petition for review] without leave to amend. If it is possible that the pleading can be cured by amendment, a court must give the pleader an opportunity to file an amended [petition for review]." *Jones v. City of Phila.*, 893 A.2d 837, 846 (Pa. Cmwlth. 2006) (cleaned up). Also, "we are generally inclined to construe *pro se* materials liberally." *Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999).

[2] This Court ordered that Robinson's petition "be treated as a petition for review addressed to this Court's original jurisdiction." Order, 4/29/21.

2

sought in his petition for review. *See generally* Appl. for Summ. Relief, 10/18/21. DOC did not file a response in opposition.

## II. DISCUSSION

In support of its preliminary objection, DOC argues that we should dismiss Robinson's claims as legally insufficient. DOC's Br. at 10. DOC contends that claims involving inmate misconduct appeals are outside this Court's original and appellate jurisdiction. *Id.* at 10-11 (discussing primarily *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357 (Pa. 1998), and *Brown v. Pa. Dep't of Corr.*, 913 A.2d 301 (Pa. Cmwlth. 2006)). DOC emphasizes that Robinson never alleged "a due process violation" in his petition for review. *Id.* at 11. DOC acknowledges that in response to DOC's preliminary objections, Robinson alleged that DOC's imposition of the "misconducts deprived [Robinson] of his due process right under the Fourteenth Amendment" of the United States Constitution.[3] *Id.* In DOC's view, however, Robinson's allegation "does not amount to a violation of a constitutionally protected personal or property right" so as "to overcome the jurisdictional barriers set forth in *Bronson*." *Id.* at 12.[4]

In *Bronson*, our Supreme Court held this Court had no appellate jurisdiction "over inmate appeals of decisions by intra-prison disciplinary tribunals." *Bronson*, 721 A.2d at 359. The *Bronson* Court, however, held that this Court's original jurisdiction could be invoked if an inmate alleged a violation of his

---

[3] U.S. Const. amend. XIV.

[4] Robinson filed a brief that both opposed DOC's preliminary objection and supported his application for summary relief. Robinson's Br. at 7. To the extent that DOC relied on *Bronson* and *Brown*, Robinson claims that *Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269 (Pa. Cmwlth. 2021), holds that this Court must review Robinson's claims to determine whether DOC violated DOC's policies, which Robinson equates to state regulations. *Id.* at 11-12. Robinson relatedly argues that DOC's violation entitles him to summary relief. *Id.* at 12-13.

constitutionally protected personal or property rights. *Id.*[5] For example, if an inmate alleges a violation of procedural due process under the Fourteenth Amendment to the United States Constitution, then that claim may fall within this Court's original jurisdiction. *See Feliciano*, 250 A.3d at 1275.

A procedural due process right may be triggered if an inmate is deprived of a legally cognizable liberty interest. *Id.* A deprivation of a legally cognizable liberty interest "occurs when the prison imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (cleaned up).[6] One possible example of "an atypical and significant hardship in relation to the ordinary incidents of prison life" is disciplinary confinement. *Id.* at 1279. In other words, if an inmate has a legally cognizable liberty interest in remaining free of disciplinary confinement, then that inmate is entitled to procedural due process. *Id.* at 1276 (stating that if "a prisoner has no protected liberty interest in remaining free of disciplinary custody, then the state owes him no process before placing him in disciplinary confinement" (cleaned up)).

By way of illustration, in *Feliciano*, the petitioner filed a *pro se* petition for review in this Court's original jurisdiction, and DOC filed preliminary objections in the nature of demurrers. *Id.* at 1271. The *Feliciano* petitioner, however, failed to

---

[5] An inmate does not have the same constitutional rights as a non-incarcerated citizen. *Bronson*, 721 A.2d at 359 (explaining that "incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system" (cleaned up)). Therefore, the constitutional right at issue must be a "personal or property interest" that is not regulated by DOC, but which was nonetheless affected by a DOC decision. *Id.*; *Feliciano*, 250 A.3d at 1275.

[6] In *Hatch v. District of Columbia*, 184 F.3d 846 (D.C. Cir. 1999), the Court defined the phrase "incidents of prison life" as encompassing "more or less restrictive forms of confinement depending on prison management imperatives, [but] the term 'ordinary' limits the comparative baseline to confinement conditions that prison officials routinely impose." *Hatch*, 184 F.3d at 856; *accord Feliciano* (citing *Aref v. Lynch*, 833 F.3d 242, 254 (D.C. Cir. 2016), which, in turn, discussed *Hatch*).

4

aver that his disciplinary confinement "constituted an atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* at 1279. Nor did the petitioner in *Feliciano* offer any averments that would permit "such a conclusion at this stage in the proceedings." *Id.* The *Feliciano* Court therefore sustained DOC's preliminary objections in the nature of demurrers and dismissed the petition for review without prejudice, but granted the petitioner leave to file an amended petition for review. *Id.* at 1280.

Here, identical to the petitioner in *Feliciano*, Robinson filed a *pro se* petition for review in this Court's original jurisdiction, and DOC filed a preliminary objection in the form of a demurrer. Although we liberally construe Robinson's *pro se* petition for review, like the *Feliciano* petitioner, Robinson did not aver that DOC's disciplinary proceedings deprived Robinson of a legally cognizable liberty interest. *See id.* at 1275. Further, at this stage of the proceedings, it is unclear whether Robinson's averments regarding the first misconduct, solitary confinement, and loss of parole privileges "constitute[] an atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* at 1279. As DOC correctly noted, Robinson did not even explicitly invoke a procedural due process right until he filed his answer to DOC's preliminary objection. Therefore, identical to the *Feliciano* Court, we sustain DOC's preliminary objection. *See id.* at 1280. However, because it would be an abuse of discretion to dismiss Robinson's petition for review without leave to amend, we also grant Robinson 30 days from the date of this decision and order within which to file an amended petition for review and dismiss Robinson's application for summary relief as moot. *See id.*; *Jones*, 893 A.2d at 846.

## III. CONCLUSION

For these reasons, we sustain DOC's preliminary objection, dismiss the petition for review without prejudice, grant Robinson leave to file an amended petition for review within 30 days of the date of this decision and order, and dismiss Robinson's application for summary relief as moot.

_____
LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Robinson, : 
                 Petitioner : 
                 : 
            v. :   No. 97 M.D. 2021
                 : 
Pennsylvania Department : 
of Corrections, : 
                 Respondent : 

# **O R D E R**

AND NOW, this 22nd day of September, 2022, we sustain the preliminary objection filed by the Pennsylvania Department of Corrections, dismiss the petition for review without prejudice, grant Anthony Robinson (Petitioner) leave to file an amended petition for review within 30 days of the date of this decision and order, and dismiss Petitioner's application for summary relief as moot.

 

                                  _____
                                  LORI A. DUMAS, Judge