IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Louise Boulin,                    :
                      Petitioner        :
                                        :
          v.                            :    No. 139 C.D. 2022
                                        :    Submitted: September 30, 2022
Brandywine Senior Care, Inc.            :
(Workers' Compensation                  :
Appeal Board),                          :
                      Respondent        :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                          FILED: May 9, 2023

          Marie Louise Boulin (Claimant), appearing *pro se*,[1] has petitioned this
Court to review an adjudication of the Workers' Compensation Appeal Board
(Board), affirming the decision of the Workers' Compensation Judge (WCJ), which
granted the termination petition filed by Brandywine Senior Care, Inc. (Employer)
under the Workers' Compensation Act (the Act).[2]  Upon careful review, we affirm.

---

[1] Although Claimant appears *pro se* before this Court, our review of the record reveals that
she was represented by counsel in her deposition testimony and at the WCJ's hearings.  *See
generally* Dep. of Claimant, 12/11/20; Notes of Testimony (N.T), 1/4/2021; N.T., 3/1/21.
[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

## I. BACKGROUND

In August 2018, Claimant sustained work-related injuries to her right ankle, shoulder, and mid/lower back while employed as a nurse's aide.[3] As of January 31, 2020, Claimant remained disabled from a right calcaneal avulsion fracture (Heel Bone Fracture) but had fully recovered from her other injuries.

On June 3, 2020, Dr. Paul Horenstein, a board-certified orthopedic surgeon with a subspeciality in foot and ankle surgery, performed an independent medical examination (IME) on Claimant. Following the IME, Dr. Horenstein developed an opinion that Claimant had fully recovered from her Heel Bone Fracture and could return to her pre-injury job. Accordingly, Employer filed a petition to terminate Claimant's disability benefits as well as a petition to suspend benefits, seeking an alternative finding that Claimant had rejected its return offers in bad faith.

Before the WCJ, Claimant submitted deposition testimony explaining that 90 to 95% of her pre-injury job as a nurse's aide was spent on her feet. Claimant stated that her ongoing pain, which she described as a "7 out of 10," intermittent, "knife cutting" sensation, had become increasingly more generalized. WCJ's Decision at 7. Claimant acknowledged that she could perform minimal chores and activities around the house but explained that she was still unable to grocery shop. Claimant testified that she was not recovered from her work-related injury, still could not bear weight on her right foot, and had not yet been cleared for work by her treating physician, Dr. Mark Allen. Upon Claimant's live and updated testimony at the WCJ's hearing weeks later, she reiterated the following: her injury had not

---

[3] Unless stated otherwise, we adopt the factual background for this case from the Decision of the WCJ, dated July 28, 2021, which is supported by substantial evidence of record. *See* WCJ's Decision, 7/28/21, at 3-9.

improved, she required continued use of boots and crutches to manage pain, and she had endured additional injuries along with her Heel Bone Fracture.

Both Claimant and Employer also presented expert medical testimony to the WCJ. Claimant's treating orthopedic surgeon testified by deposition that Claimant's foot and ankle pain had not changed since he began treating her. Ultimately, Dr. Allen opined that Claimant could not return to her pre-injury job because she had not fully recovered from her Heel Bone Fracture. He admitted that Claimant's inability or refusal to weight-bear on her right foot was not the result of his instruction. Dr. Allen further acknowledged that Claimant had relied on a boot and crutches for "an excessively long period of time" and that his attempts to wean her from these supports were "complicated" by "chronic and persistent pain." WCJ's Decision at 6.

Dr. Horenstein testified via deposition for Employer. He explained that Claimant informed him that Dr. Allen had advised her not to bear weight on her right foot. Dr. Horenstein testified that he had performed the "gold standard" of stability and ankle testing upon Claimant, that Claimant yielded a normal result, and that his examination revealed no tenderness. Accordingly, based upon his review of the records and the examination performed, Dr. Horenstein opined that Claimant had fully recovered from her Heel Bone Fracture. Dr. Horenstein also reiterated that Claimant could perform her pre-injury job.[4]

The WCJ granted Employer's termination petition, concluding that Claimant had fully recovered from her Heel Bone Fracture.[5] The WCJ reached this conclusion after finding Dr. Horenstein to be more credible than Dr. Allen. The

---

[4] Employer's human resources representative also presented deposition testimony, which the WCJ later credited, concerning the requirements of Claimant's pre-injury position.

[5] The WCJ dismissed the suspension petition as moot.

WCJ determined that the IME showed no objective findings of a Heel Bone Fracture and was supported by stability testing, which Dr. Horenstein credibly testified was the "gold standard" to identify such fractures. WCJ's Decision at 8. The WCJ emphasized that despite his testimony that Claimant had not fully recovered, Dr. Allen did not perform stability testing, based his opinion on Claimant's subjective, uncredible complaints, and did not document any symptoms (*e.g.*, swelling or atrophy) consistent with a Heel Bone Fracture in his last examination of Claimant. Further, the WCJ found that Dr. Allen testified that Claimant's pain had not changed during her treatment, which contrasted with Claimant's testimony that her pain had become more general. Concerning Claimant, the WCJ specifically determined that she was not credible based on her demeanor and to the extent that Dr. Horenstein credibly testified that Claimant informed him that Dr. Allen instructed her not to weight-bear, which Dr. Allen denied in his deposition.

Claimant appealed to the Board, which affirmed the WCJ's decision. Claimant timely petitioned this Court for review.[6]

## II. ISSUES

On appeal, Claimant challenges the WCJ's factual findings and credibility determinations. *See* Claimant's Br. at 6. Further, Claimant argues that the WCJ failed to issue a reasoned decision. *See id.* Finally, Claimant takes issue with the Board's review of the WCJ's decision, suggesting that it "missed information in the case." *Id.*

---

[6] On appeal, this Court's review "is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Lawhorne v. Lutron Elecs. Co., Inc.*, 284 A.3d 239, 243, n.1 (Pa. Cmwlth. 2022).

4

### III. DISCUSSION

### A. Claimant's Issues are Waived

"The Pennsylvania Rules of Appellate Procedure [Rules] were promulgated to govern practice and procedure before the appellate courts[,] and noncompliance with the [R]ules only makes this [C]ourt's review of appeals more difficult." *Levin v. Bd. of Supervisors of Benner Twp.*, 669 A.2d 1063, 1068 n.3 (Pa. Cmwlth. 1995), *aff'd.*, 689 A.2d 224 (Pa. 1997). The Rules prescribe a mandatory brief format for lawyers and non-lawyers alike. *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425 (Pa. Cmwlth. 2021). To assess whether we can reach the merits of a claim, we must consider whether the defects are so substantial that they preclude "meaningful appellate review." *Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 652, n.9 (Pa. Cmwlth. 2022).

Rule 2119 provides that an "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa. R.A.P. 2119(a). "The purpose of this rule is to facilitate the reader's comprehension of the arguments being made." *Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999). While we are generally inclined to construe *pro se* materials liberally, it is not this Court's function to develop a party's arguments. *C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022). A party's failure to adhere to Rule 2119 and properly develop an argument may result in waiver. *City of Phila. v. Workers' Comp. Appeal Bd. (Calderazzo)*, 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009).

Here, despite raising four issues in her statement of questions, Claimant presents her argument under a single heading. Claimant's Br. at 6, 13-36. Further, Claimant presents no legal authority to support her claims, which are nearly indecipherable. Despite our general inclination to construe *pro se* filings liberally, we are compelled to find waiver as we cannot make sense of Claimant's arguments on appeal. *C.M.*; *Calderazzo*; *Robinson*.

### B. Claimant's Issues are Without Merit

Absent waiver, Claimant's appeal fails on the merits. In her first two issues, Claimant purports to challenge the WCJ's factual findings and credibility determinations. Our review on appeal is limited to considering whether substantial evidence supports the WCJ's factual findings, not whether evidence exists to support contrary findings. *DTE Energy Co., Inc. v. Workers' Comp. Appeal Bd.*, 245 A.3d 413, 421 (Pa. Cmwlth. 2021) (*DTE Energy*). It is well settled that "the WCJ is the fact[-]finder." *Hawbaker v. Workers' Comp. Appeal Bd. (Kriner's Quality Roofing Servs. & Uninsured Emp. Guar. Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth. 2017). As such, the WCJ may utilize the demeanor of witnesses as a factor to assess credibility. *Com. v. Story*, 383 A.3d 155, 168 (Pa. 1978). It is within the WCJ's sole discretion to resolve evidentiary conflicts and make credibility determinations. *Hawbaker*, 159 A.3d at 69. This Court may not reweigh the evidence or the WCJ's credibility determinations. *Id*. Indeed, this Court "may overturn a credibility determination only if it is arbitrary and capricious, so fundamentally dependent on a misapprehension of material facts, or so otherwise flawed, as to render it irrational." *W. Penn Allegheny Health Sys., Inc. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021) (citation omitted).

6

Here, the WCJ credited Dr. Horenstein's opinion that Claimant had fully recovered, in part, because of his comprehensive IME, which showed no objective findings of a Heel Bone Fracture. WCJ's Decision, 7/28/21, Finding of Fact (F.F.), at 9. Further, the WCJ rejected the testimonies of Claimant, at least in part, due to her demeanor, and Dr. Allen, to the extent his opinion was supported by Claimant's uncredible subjective complaints. *Id.*, F.F. at 10, 12. Accordingly, the WCJ's findings are supported by substantial evidence of record that Claimant fully recovered from her Heel Bone Fracture. *See DTE Energy.* We decline to overturn the WCJ's credibility determinations where they are neither arbitrary nor capricious, *see Cochenour*, but based on the WCJ's sole discretion to assess witness credibility, including demeanor, *see Story*, and resolve conflicts in evidence, *see Hawbaker*.

Next, we reject Claimant's argument that the WCJ failed to issue a "reasoned decision" under Section 422(a) of the Act, 77 P.S. § 834. A WCJ's decision is "reasoned" when the resolution of conflicting evidence is "adequately explain[ed]" and the decision allows for "adequate review by the [Board] without further elucidation and . . . the appellate courts under applicable review standards." *Lindemuth v. Workers' Comp. Appeal Bd. (Strishock Coal Co.)*, 134 A.3d 111, 126 (Pa. Cmwlth. 2016) (internal citations omitted). Here, the WCJ adequately explained why Dr. Horenstein's opinion was credited over the conflicting testimonies of Dr. Allen and Claimant, and why his testimony, plus the IME results, supports a finding of Claimant's full recovery. WCJ's Decision, 7/28/21, F.F. at 13b.

Fourth, Claimant contends that the Board erred in its review of the WCJ's decision because it failed to consider her prior injuries. Any claims involving Claimant's prior injuries to her shoulder and mid/lower back were resolved in previous litigation between the parties. *See* Certified Record, at 351-366

7

(unpaginated), WCJ's Decision, 1/31/2020, at F.F. 23a-b (finding that except for the Heel Bone Fracture, Claimant had recovered from all injuries sustained from the work-related incident).

## IV. CONCLUSION

Accordingly, we affirm the Board's decision to affirm the WCJ's decision to grant Employer's termination petition. Claimant's presentation of her appeal has hindered our meaningful appellate review; thus her claims are waived. Nevertheless, even if we were to reach the merits of Claimant's arguments, they are meritless. Ultimately, where the WCJ's findings are supported by substantial evidence, as they are here, we are bound by the WCJ's credibility and evidentiary weight determinations. Further, the WCJ issued a "reasoned" decision under Section 422(a) of the Act and did not err in failing to consider Claimant's prior injuries which were resolved in prior litigation.

_____
LORI A. DUMAS, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Louise Boulin,                                    :
                Petitioner     :
                                   :
          v.                                    :     No. 139 C.D. 2022
                                   :
Brandywine Senior Care, Inc.                     :
(Workers' Compensation                           :
Appeal Board),                                        :
              Respondent     :

## **O R D E R**

AND NOW, this 9th day of May, 2023, the order of the Workers' Compensation Appeal Board, entered February 4, 2022, in the above-captioned matter is AFFIRMED.

 

                                             _____

                                             LORI A. DUMAS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Louise Boulin, : 
                             Petitioner : 
                              : 
              v. : No. 139 C.D. 2022
                              : Submitted: September 30, 2022
Brandywine Senior Care, Inc. : 
(Workers' Compensation : 
Appeal Board), : 
                         Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

**OPINION NOT REPORTED**
**CONCURRING AND DISSENTING OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**           **FILED: May 9, 2023**

      I agree with the Majority's affirmance of the Workers' Compensation Appeal Board's (Board) decision and order upholding the Workers' Compensation Judge's (WCJ) granting of the termination petition filed by Brandywine Senior Care, Inc. (Employer) under the Workers' Compensation Act (the Act).[1]  However, I respectfully disagree with the Majority's finding that under the circumstances herein, Marie Louise Boulin (Claimant), proceeding pro se, waived the claims she presented for our review under Pennsylvania Rule of Appellate Procedure 2119, Pa.R.A.P. 2119,[2] due to deficiencies in her appellate brief.  *Boulin v. Brandywine Senior Care, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 139 C.D. 2022,

---

      [1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.
      [2] Pa.R.A.P. 2119 requires that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."  Pa. P.A.P. 2119(a).

filed May 9, 2023) (Majority Op.), slip op at 5-8 (citing *Robinson v. Schellenberg*, 729 A.2d 122 (Pa. Cmwlth. 1999); *C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022); and *City of Phila. v. Workers' Comp. Appeal Bd. (Calderazzo)*, 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009)).  Rather, because I believe the nature of Claimant's issues is clear from the record, I would find that the issues lack merit for the reasons stated in the alternative by the Majority.

It is well established that this Court may find claims waived where, in violation of our Rules of Appellate Procedure, a party's appellate brief fails to provide any discussion of a claim supported by citation to relevant authority or fails to develop an issue in any other meaningful fashion capable of review. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).  However, Rule 105 of the Pennsylvania Rules of Appellate Procedure provides that:

> **(a) Liberal construction and modification of rules.**--These rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every matter to which they are applicable.  In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in paragraph (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

Pa.R.A.P. 105(a).[3]

Significantly, despite the unsurprisingly inartful drafting and development of the pro se Claimant's appellate issues, both the Board and this Court are able to address their merits.  The Board has neither argued waiver nor claimed it would suffer prejudice if this Court were to reach the merits of Claimant's issues.  To the contrary, the Board discerned the gist of Claimant's arguments and responded that

---

[3] Paragraph (b) discusses enlargement of time, which is not at issue here.

each of them lacks merit in its appellate brief. (Board's Brief (Br.) at 8-14.) The Board provided a "Counterstatement of Question[s] Involved" wherein it identified three issues. (*Id.* at 1.) Although the Board noted some deficiencies in Claimant's reproduced record and indicated it had filed a supplemental reproduced record, the Board at no time posited that Claimant had waived her issues on appeal due to a defective brief. (*Id.* at 5-6.) Moreover, after finding she had waived her claims, the Majority framed Claimant's issues on appeal as presenting a challenge to the WCJ's factual findings, credibility determinations, and ability to issue a reasoned decision and to the Board's review of the WCJ's decision due to its disregard of relevant information. Majority Op. at 4.

This matter is distinguishable from *Robinson*, *C.M.*, and *Calderazzo*. In *Robinson*, after stating that the purpose of Pa.R.A.P. 2119 was "to facilitate the reader's comprehension of the arguments being made," this Court quashed the appellant's pro se appeal upon finding that it was "unable to discern exactly what question or questions are presently before us." *Robinson*, 729 A.2d at 124. Herein, both the Board and this Court are able to frame and address the questions Claimant seeks to have answered on appeal.

In *C.M.*, this Court denied the petitioner's application for summary relief where the petitioner had failed to support his claim with persuasive caselaw. Therein, the petitioner sought to be removed from Pennsylvania's sex offender registry maintained by the Pennsylvania State Police and exclusion from any future registration requirement under the Sexual Offender Registration and Notification Act (SORNA II).[4] *Id*. at 1281-82. Raising an issue of purely statutory construction, the petitioner relied upon a single-judge opinion of this Court, *Smolsky v. Blocker*

---

[4] Act of February 21, 2018, P.L. 27, No. 10, 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140, No. 29.

(Pa. Cmwlth., No. 254 M.D. 2018, filed May 20, 2019).  Relevant herein, the *C.M.* Court stated that in *Smolsky* it had "expressly directed supplemental briefing on the applicability of the registration requirement in that case, but neither party provided any analysis in its supplemental brief that was helpful to the Court" and it was not its responsibility to argue on behalf of a party.  *C.M.*, 269 A.3d at 1285 (citing *Smolsky*, slip op. at 4 n.4 (stating that "[a]lthough they filed their supplemental briefs in a timely fashion, [the parties] failed to adequately address the question posed by this Court or to provide any meaningful legal analysis to assist this Court in deciding whether the provisions of [SORNA II] apply to Mr. Smolsky[]")).  Instantly, Claimant was not directed to file a supplemental brief to clarify her issues, and both this Court and the Board have not been prevented from discerning the claims she presented in her primary brief.

Finally, in *Calderazzo*, this Court found waiver under Pa.R.A.P. 2119(a). There, a party listed three questions together as headings in one part of its argument and failed to address two of the questions in its appellate brief.  This Court found that to the extent the counselled employer had failed to develop those two questions in its appellate brief, though presented in its statement of questions involved, those questions were waived.  *Calderazzo*, 968 A.2d at 846 n.4.  As previously stated, although her analysis is unskilled, Claimant did develop her issues on appeal in a manner which does not prevent appellate review.

Respectfully, finding waiver here on the basis of Rule 2119 violations that do not hamper appellate review is not in keeping with "the just, speedy, and inexpensive determination" of this matter under Rule 105(a), nor is it consistent with Rule 105(a)'s requirement that this Court engage in a liberal construction of appellate rules.  Finding waiver of all of Claimant's claims here, where she has presented some

degree of a legal argument and her entitlement to workers' compensation benefits is at stake, does not comport with caselaw construing liberally the filings of a pro se litigant. *Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987); *see e.g., Commonwealth v. Henry*, 706 A.2d 313, 318 n. 4 (Pa. 1997) (reminding counsel that "appellate review is best served when the parties comply with the Rules of Appellate Procedure" but determining that appellate review was not impeded); *Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver for the appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure, where the briefing deficiencies did not impede the Court's review)[5]; *Long v. Ostroff*, 854 A.2d 524, 527 (Pa. Super. 2004) (declining to quash an appeal where numerous defects in the appellant's brief did not prevent meaningful review).

For these reasons, while I do not condone a party's failure to fully comply with the Rules of Appellate Procedure, I, respectfully, would not find this pro se Claimant's issues waived, but would affirm the Board's disposition after reviewing the merits of Claimant's issues.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[5] It is well settled that we may cite Superior Court cases for their persuasive value. *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 653 n.20 (Pa. Cmwlth. 2021).