# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Damon Benson, | : | |
| Petitioner | : | |
| | : | No. 266 M.D. 2023 |
| v. | : | |
| | : | Submitted: April 8, 2025 |
| Pennsylvania Department of | : | |
| Corrections; John and/or Jane Doe(s), | : | |
| Department of Corrections | : | |
| Officials/Officers, | : | |
| Respondents | : | |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

## MEMORANDUM OPINION BY
## JUDGE DUMAS                                     FILED: May 23, 2025

Damon Benson (Petitioner) has filed _pro se_ a petition for review seeking mandamus and declaratory relief in our original jurisdiction. Pennsylvania Department of Corrections (DOC) demurred. We sustain the demurrer and dismiss the petition with prejudice.

## I. BACKGROUND[1]

In 1994, Petitioner was convicted of robbery and aggravated indecent

---

[1] Unless stated otherwise, we derive this background from Petitioner's petition for review. _See_ Pet. for Rev., 6/6/23. In resolving preliminary objections, we "must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom." _Freemore v. Dep't of Corr._, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (_per curiam_) (citation omitted). We may reject "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." _Id._ (citation omitted). Additionally, we may reject averments in a petition for review that conflict with exhibits attached to it. _Lawrence v. Dep't of Corr._, 941 A.2d 70, 72 (Pa. Cmwlth. 2007). We may take judicial notice of criminal dockets and "are generally inclined to construe _pro se_ materials liberally." _Robinson v. Schellenberg_, 729 A.2d 122, 124 (Pa. Cmwlth. 1999); _Elkington v. Dep't of Corr._ (Pa. Cmwlth., No. 478 M.D. 2018, filed

assault of an adult and was paroled in 2001.  Prior to his parole, Petitioner completed a sexual offender treatment program.[2]

In 2009, Petitioner was sentenced to prison for various theft-related crimes, none of which included any sexual offenses.  *See generally Commonwealth v. Benson*, 10 A.3d 1268 (Pa. Super. 2010).  According to Petitioner, his minimum sentence was set for August 2022.  However, in May 2022, DOC notified him that his status as a sexual offender required him to complete a two-year treatment program before he would be eligible for parole, referencing 42 Pa.C.S. § 9718.1.  Petitioner filed a grievance challenging the treatment requirement, which DOC denied in November 2022.

In June 2023, Petitioner filed the instant petition for review and an application to proceed *in forma pauperis*, which this Court granted.  Essentially, Petitioner has alleged that DOC has unlawfully imposed this treatment requirement on several grounds,[3] that DOC has unlawfully deprived him of a fair parole hearing, and that DOC has unlawfully delayed his release on parole.  Petitioner has further alleged that he "has no adequate remedy at law to seek redress" and, therefore,

___

May 27, 2021), 2021 WL 2156909, at *4 n.4 (citing cases); *accord Moss v. SCI-Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1337 n.11 (Pa. Cmwlth. 2018).

[2] Although Petitioner alleged that he was paroled in 2001, DOC attached a grievance decision to its preliminary objections, which indicates that Petitioner was paroled in 2007.  Prelim. Objs., 2/23/24, Ex. A.  Further, although discussing the DOC policy governing the treatment program in his petition for review, Petitioner did not attach the policy.  *See* Pet. for Rev.

[3] According to Petitioner, (1) DOC misinterpreted section 9781.1 because it applies only to those convicted of sexual offenses against children; (2) DOC violated Petitioner's rights to procedural due process, reputation, and freedom from self-incrimination; and (3) as applied to Petitioner, section 9781.1 is an unconstitutional *ex post facto* law.  *See generally* Pet. for Rev. Additionally, although not entirely clear from his petition, Petitioner seemingly challenges his designation as a sexual offender, sexual predator, or sexually violent predator.  *See id.* at 19. However, we take judicial notice that Petitioner is, in fact, a lifetime registered sexual offender. *See* Pa. Megan's Law Website, https://www.meganslaw.psp.pa.gov/OffenderDetails/Aliases/4014 (last visited May 23, 2025) (identifying Petitioner by his known alias, Gregory Robinson).

2

"[m]andamus is the proper remedy . . . ." Pet. for Rev. at 21. Accordingly, Petitioner has requested declaratory relief that DOC's actions have been unlawful and an order directing DOC to eliminate his sexual offender treatment requirements so he may become eligible to be released on parole. *See* Pet. for Rev., 6/6/23, at 21-24.

In February 2024, DOC filed preliminary objections in the nature of a demurrer. According to DOC, Petitioner cannot establish a clear right to relief because he is not entitled to appellate review of DOC's grievance decision, and Petitioner has failed to establish any mandatory duty that would justify a writ of mandamus. Prelim. Objs., 2/23/24, ¶¶ 20-21. Petitioner filed an answer to DOC's preliminary objections, maintaining that he has met "the elements required for issuance of a writ of mandamus . . . because DOC respondents['] actions [are] in violation of the Constitutions of the United States and Pennsylvania. . . . On this, mandamus is appropriate." Answer to Prelim. Objs., 8/12/24, at 9.

## II. DISCUSSION[4]

In support of its demurrer, DOC argues that Petitioner "is not entitled to have the Court review . . . DOC's determination that he participate" in a sexual offender treatment program. DOC's Br. at 7. Per DOC, Petitioner "also fails to establish a corresponding duty by" DOC that would justify a writ of mandamus. *Id.* DOC reasons that it has the discretionary authority to select the programs necessary for Petitioner's rehabilitation. *Id.* at 8 (collecting cases).

---

[4] Generally, "a court must decide whether it is clear from the well-pleaded facts and reasonable inferences from those facts that the claimant has not established a right to relief." *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 233-34 (Pa. 2017) (cleaned up). "A court considering a preliminary objection may take evidence and create a factual record, but it need not do so if it has sufficient information to rule on the objection." *Rehab & Cmty. Providers Ass'n v. Dep't of Hum. Servs. (Off. of Developmental Programs)*, 283 A.3d 260, 262 (Pa. 2022); *see also* Pa.R.Civ.P. 1028(c)(2). "Because a demurrer challenges the legal sufficiency . . . , it should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Garcia v. Am. Eagle Outfitters, Inc.*, 331 A.3d 541, 547 (Pa. 2025) (cleaned up).

DOC acknowledges that Petitioner was not convicted of a crime enumerated under 42 Pa.C.S. § 9718.1 that would mandate completion of a sexual offender treatment program. *Id.* Nevertheless, according to DOC, it retains the discretion to recommend treatment even if an inmate was not convicted of an enumerated offense. *Id.* (citing *Davenport v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 724 M.D. 2018, filed July 26, 2019), 2019 WL 3366229, *2-3). To the degree that Petitioner relies on his prior completion of treatment as part of his 1994 sentence, DOC reiterates it has the discretion to select rehabilitative programs for Petitioner and he has no right to parole. *Id.* at 10-12.

"A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there is a clear legal right in the plaintiff, and a corresponding duty in the defendant." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005) (cleaned up). A petitioner must meet all three criteria for a writ of mandamus to issue. *Id.* at 1133.

A writ of mandamus "cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; to review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved; or to perform the function of an appeal or writ of error." *Pa. Dental Ass'n v. Pa. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986) (*Dental*) (explaining that "mandamus is chiefly employed to compel the performance (when refused) of a ministerial duty, or to compel action (when refused) in matters involving judgment and discretion" (citation omitted)). The Court cautioned that courts must not transform mandamus

"into a general writ of error or writ of review lest we further encourage interlocutory and piecemeal appellate review, or multiple appeals with their attendant burdens and delays." *Id.* A writ should issue only "to compel a tribunal or administrative agency to act when that tribunal or agency has been sitting on its hands." *Id.* (cleaned up).

In *Davenport*, a petitioner filed a petition for mandamus in this Court, requesting "an order directing [DOC] to reevaluate its requirement that he participate in a treatment program for sex offenders." *Davenport*, 2019 WL 3366229, *1.[5] The petitioner was in prison for a sexual offense that did not involve a minor. *Id.* The petitioner alleged that DOC "required him to participate in a treatment program for sex offenders" under 42 Pa.C.S. § 9718.1, even though the statute generally applied only to offenders whose crimes involved minor victims. *Id.*

DOC demurred, reasoning that the petitioner did "not establish a clear legal right to relief" because DOC has a legitimate interest in "requiring sex offenders to participate in a treatment program." *Id.* at *2. DOC also reasoned that it had the authority to require the petitioner "to participate in a treatment program *even if* the inmate had not been convicted of a sex offense." *Id.* (emphasis added).

The *Davenport* Court agreed that DOC had such authority outside of 42 Pa.C.S. § 9718.1 and acted within its discretion by requiring the inmate to complete a treatment program as it would facilitate a safe prison environment. *Id.* Further, DOC had innate authority to require an inmate to complete treatment programs "necessary and conducive to an inmate's rehabilitative needs and such decision is entitled to judicial deference." *Id.* (citation omitted). Because the inmate did not have "a clear legal right to have" DOC reevaluate the inmate's participation in a treatment program, we sustained the demurrer and dismissed the petition. *Id.* at *3.

---

[5] We may cite to unreported decisions as persuasive authority. *See* Pa.R.A.P. 126.

Instantly, Petitioner, much like the *Davenport* inmate, has requested a writ of mandamus compelling DOC to reverse its decision requiring Petitioner to complete a sexual offender treatment program. *See id.* at *1. As in *Davenport*, DOC also argued it had the authority to require Petitioner to complete treatment even though he was not convicted of an offense under 42 Pa.C.S. § 9718.1. *Compare* DOC Br. at 8, *with Davenport*, 2019 WL 3366229, at *2. We agree with *Davenport* that DOC has inherent authority to require Petitioner to complete a treatment program that DOC deems necessary for his rehabilitative needs—even if Petitioner was not convicted of any sex offense, let alone an offense enumerated under 42 Pa.C.S. § 9718.1. *See Davenport*, 2019 WL 3366229, at *2. Further, to paraphrase our Supreme Court, a writ of mandamus cannot be used to review or "compel the undoing of an action taken by" DOC in good faith and in the exercise of its legitimate jurisdiction, discretion, or judgment, *even if* DOC was wrong. *See Dental*, 516 A.2d at 652. Thus, in accord with the reasoning of those decisions, we also dismiss Petitioner's petition for review seeking a writ of mandamus.[6] *See id.*

### III. CONCLUSION

For these reasons, we sustain DOC's preliminary objections and dismiss the petition for review with prejudice.[7]

**LORI A. DUMAS, Judge**

---

[6] We note that DOC's May 2022 notice, even if wrong, is not subject to correction via a petition for a writ of mandamus. *See Dental*, 516 A.2d at 652 (cautioning that mandamus should issue only "to compel a tribunal or administrative agency to act when that tribunal or agency has been sitting on its hands").

[7] To the extent he seeks *habeas* relief, Petitioner may pursue such relief, as the law permits, in a court of general jurisdiction. Further, because the record reflects no service on the John Does, we dismiss. *See* Pa.R.Civ.P. 1033(c).

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Damon Benson, : 
        Petitioner :
  : No. 266 M.D. 2023
     v. :
  :
Pennsylvania Department of :
Corrections; John and/or Jane Doe(s), :
Department of Corrections :
Officials/Officers, :
        Respondents :

## **O R D E R**

AND NOW, this 23rd day of May, 2025, we sustain the preliminary objections filed by Pennsylvania Department of Corrections and dismiss with prejudice the petition for review filed by Damon Benson.

 

**LORI A. DUMAS, Judge**